

**FILED**
APR 2 6 2016
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LEAD GHR ENTERPRISES, INC. formerly d/b/a GOLDEN HILLS RESORT,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AMERICAN STATES INSURANCE COMPANY,  )<br>)<br>Defendant.  ) | C16-5026<br><br>**COMPLAINT** |

Plaintiff, by and through its undersigned attorneys, for its cause of action states:

## PARTIES

1. Plaintiff, Lead GHR Enterprises, Inc., (GHR) is the owner and operator of the Golden Hills Resort, now known as Days Inn Lead, South Dakota, a hotel resort and convention facility located in Lawrence County, Lead, South Dakota, hereinafter referred to as "Hotel."

2. GHR is a South Dakota corporation doing business in the state of South Dakota.

3. Defendant, American States Insurance Company, is an insurance company doing business in the state of South Dakota and insured the Hotel for casualty loss.

## JURISDICTION

4. Jurisdiction is properly based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of costs and interest.

## VENUE

5. Venue is proper in the United States District Court for the District of South Dakota, Western Division, pursuant to 28 U.S.C. § 1391 because the acts, omissions, or events

giving rise to this lawsuit occurred in Lawrence County, South Dakota.

## FACTUAL ALLEGATIONS

6. Defendant extended coverage for casualty loss to the Hotel pursuant to Policy Number 01CI3273611, for the policy period of April 14, 2010, to April 14, 2011.

7. On or about October 10, 2010, a retaining wall (the "Wall") connected to the Hotel collapsed which damaged the Wall, the adjacent parking lot, and other portions of the Hotel's exterior.

8. The loss was reported to the Defendants.

9. Defendants inspected the premises on or about October 17th, 2010.

10. After completing its inspection through preferred venders Chris Shopshear of Eagle Adjusting and Tim Strasser of Haag Engineering, Defendant failed to pay any portion of the reported loss.

11. The collapsed Wall has diminished the value of the Hotel.

12. Defendant has refused to pay for any damage or loss caused by the Wall's collapse, including damage to the Hotel exterior.

13. Due to the Defendant's failure to pay timely for replacement and repairs to the Wall, additional damage to the hotel's structure has resulted.

## COUNT I – BREACH OF INSURANCE CONTRACT

Plaintiff, for Count I of its Complaint against the Defendant, states:

14. Plaintiff incorporates by reference each and every paragraph set forth herein.

15. Defendant failed to properly adjust the claim and to pay for the damages caused by the Wall's collapse. Under the contract of insurance, Defendant is responsible to indemnify and pay GHR for the losses sustained by GHR.

## COUNT II – BAD FAITH

Plaintiff, for Count II of its Amended Complaint against the Defendant, states:

16. Plaintiff incorporates by reference each and every paragraph set forth herein.

17. Defendant, upon investigation, had a duty to pay for the insured loss.

18. Defendant had a duty to determine the reasonable losses to the insured from the wall collapse and have failed to recognize that any loss has been sustained by GHR.

19. There is no basis for Defendant to deny damage and loss to the Hotel.

20. Defendant has violated the terms of the insurance contract by advancing their interest over the interest of GHR and has failed to give equal consideration to the interest of GHR.

21. Defendant has breached the implied covenant of good faith and fair dealings under the insurance contract.

## COUNT III – CONVERSION

Plaintiff, for Count III of its Complaint against the Defendant, states:

22. Plaintiff incorporates by reference each and every paragraph set forth herein.

23. Plaintiff made regular premium payments to Defendant which were to be in exchange for casualty coverage on Plaintiff's property.

24. Defendant has exercised control over those premium payments since they were made in a manner that has deprived Plaintiff of its interest in those payments.

25. Defendant's conduct was outrageous, fraudulent, malicious, intentional, and/or willful and wanton, thereby entitling Plaintiff to punitive damages to punish, and make an example of Defendant.

## COUNT IV - PUNITIVE DAMAGES

Plaintiff, for Count IV of its Complaint against the Defendant, states:

26. Plaintiff incorporates by reference each and every paragraph set forth herein.

27. Defendant's conduct was outrageous, fraudulent, malicious, intentional, and/or willful and wanton, thereby entitling Plaintiff to punitive damages to punish, and make an example of Defendant.

**WHEREFORE,** plaintiff requests compensatory damages in excess of $75,000; damages for bad faith denial of the claim in the amount of $1.5 million; punitive damages in the amount to be determined by the jury; prejudgment interest as allowed by law, attorney's fees and costs; and such other further relief as the court deems just and equitable under the circumstances.

Dated this 26 day of April, 2016.

GOODSELL QUINN, LLP

BY: _____
G. Verne Goodsell
Nathan R. Oviatt
Attorneys for Plaintiff
246 Founders Park Drive, Ste. 201
P.O. Box 9249
Rapid City, SD 57709-9249
(605) 343-3000

**PLAINTIFF REQUESTS TRIAL BY JURY**

BY: _____
G. Verne Goodsell